UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

KEVIN ST. HILL,                          )
                                         )
            Petitioner,                  )
                                         )
      v.                                 )          1:12-cr-00178-JAW
                                         )
                                         )
UNITED STATES OF AMERICA,                )
                                         )
            Respondent.                  )

**DECISION AND ORDER ON PETITIONER'S
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Kevin St. Hill moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. The Government moves for summary dismissal of Mr. St. Hill's § 2255 motion. Because Mr. St. Hill presents credible evidence to support his claim of ineffective assistance of counsel regarding whether one of the prior convictions used to compute his criminal history category was a misdemeanor conviction and not properly countable, the Court denies the Government's Motion for Summary Dismissal and orders expedited further proceedings as Mr. St. Hill might be entitled to be released from incarceration in the near future.

## I.   PROCEDURAL BACKGROUND

On September 3, 2013, the Court sentenced Kevin St. Hill to 84 months in prison for distribution of oxycodone in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). *J.* (ECF No. 50). On October 1, 2014, the Court of Appeals for the First Circuit affirmed the sentence on appeal. *United States v. St. Hill*, 768 F.3d 33 (1st Cir. 2014); *Op.*

(ECF No. 62).  On April 23, 2015, on a sua sponte motion, the Court, in accordance with the 2014 Drug Reduction Act, modified Mr. St. Hill's sentence to 70 months in prison.  *Sua Sponte Mot. for Sentence Modification & Sch. Order* (ECF No. 68); *Order Regarding Mot. for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)* (ECF No. 69) (*Sentence Reduction Order*).

On May 15, 2015, Mr. St. Hill filed a pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and a memorandum in support of that motion.  *Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Fed. Custody* (ECF No. 71); *id.* Attach. 1 *Mem. of Law in Supp. of Mot. to Vacate, Set Aside, or Correct Sentence Pursuant to Section 2255* (*Pet'r's Mem.*).  He also filed a motion to amend his § 2255 motion.  *Letter Mot. from Kevin St. Hill to John A. Woodcock, Jr.* (June 16, 2015) (ECF No. 75) (*Pet'r's Mot. to Amend*).  On October 22, 2015, the Government moved for summary dismissal of Mr. St. Hill's motion.  *Gov't's Mot. for Summ. Dismissal of Def.'s Mot. Under 28 U.S.C. § 2255* (ECF No. 85) (*Gov't's Mot.*).  On November 2, 2015, Mr. St. Hill filed a reply.  *Reply to Gov't's Mot. for Summ. Dismissal of Def.'s 2255 Pet.* (ECF No. 86) (*Pet'r's Reply*).

On February 22, 2016, after Mr. St. Hill filed his § 2255 motion, the Court of Appeals for the First Circuit recalled its mandate, reissued its judgment, and vacated its October 1, 2014 judgment.  *Order of Ct.* (ECF No. 87).  Mr. St. Hill then filed a petition for certiorari with the United States Supreme Court and, because the judgment was not final and not exhausted, the Court stayed further proceedings on the § 2255 motion on June 17, 2016 and continued the stay on August 10, 2016.  *Order*

*to Stay* (ECF No. 90); *Order to Continue Stay* (ECF No. 91).  On January 9, 2017, the Supreme Court denied Mr. St. Hill's petition for certiorari.  *St. Hill v. United States*, 137 S. Ct. 619 (2017).  On February 21, 2017, the Court lifted the stay.  *Order on Stay* (ECF No. 92).

## II.   STATEMENT OF FACTS

On October 5, 2012, the Government filed a one-count complaint charging Kevin St. Hill with distribution of oxycodone in violation of 21 U.S.C. § 841(a)(1). *Compl.* (ECF No. 1).  The affidavit filed with the complaint stated that Mr. St. Hill sold $600 worth of oxycodone (20 pills) to an undercover agent.  *Aff. in Supp. of Criminal Compl.* ¶ 9 (ECF No. 1).  On December 19, 2012, Mr. St. Hill pleaded guilty to the drug distribution charge in the indictment.  *Min. Entry* (ECF No. 23).

At the September 3, 2013 sentencing hearing, the Court calculated Mr. St. Hill's guideline sentence range pursuant to the United States Sentencing Guidelines. In accordance with the recommended sentencing guideline findings in the Presentence Investigation Report (PSR) prepared by the United States Probation Office, the Court found that Mr. St. Hill had a criminal history category of IV and a total offense level of 25.  *PSR* ¶¶ 19, 27.  The category IV finding was based on a total of five criminal history points for past convictions, and two criminal history points pursuant to U.S.S.G. § 4A1.1(d) because Mr. St. Hill committed the instant offense while under a criminal justice sentence, for a total of seven criminal history points. *Id.* ¶¶ 23–27.  The recommended sentencing range was 84 to 105 months.  *Id.* ¶ 47.

The Court sentenced Mr. St. Hill to be incarcerated for 84 months, the low end of the recommended guideline sentence range. *J.* (ECF No. 50).

Critical to Mr. St. Hill's § 2255 motion is whether a 2011 New York state court conviction for tampering with evidence was a felony or misdemeanor conviction. In the PSR, the Probation Office characterized the conviction as a Tampering With Physical Evidence conviction, a Class E felony. *PSR* ¶ 24; *see also* N.Y. Penal Law § 215.40. At an April 30, 2013 presentence conference, the Court questioned this conviction and how it should be counted under the sentencing guidelines. *Tr. of Proceedings*, *Presentence Conf.* 10:10-11:25 (ECF No. 59) (*Presentence Conf. Tr.*). The PSR revealed that Mr. St. Hill had thrown a bag of marijuana on the ground when approached by an officer and the Court expressed the view that perhaps the evidence tampering was more like giving false information to an officer or failing to obey or hindering an officer, neither of which would count as a conviction under U.S.S.G. § 4A1.2(c)(1). *Id.* 10:14-22; *PSR* ¶ 24. The Court noted that Mr. St. Hill had been sentenced to only one day for this 2011 conviction and asked defense counsel to look into the conviction and address it in her sentencing memorandum. *Presentence Conf. Tr.* 10:23-11:16 ("So why don't you take a look at that and put it in your memo"). Defense counsel promised to do so. *Id.* 11:17 ("More than happy to do it").

Defense counsel filed a sentencing memorandum on May 14, 2013 and wrote:

The preamble to the list contained in [U.S.S.G. § 4A1.2(c)] states, "Sentences for all felony offenses are counted." Tampering with Physical Evidence is a violation of NY PENAL § 215.40 and is a Class E felony. Therefore, it must be scored.

*Def.'s Mem. Regarding Sentencing* at 16 (ECF No. 34) (*Def.'s Sentencing Mem.*).[1]  At the sentencing hearing, defense counsel reiterated her conclusion that the tampering with evidence conviction was a felony and counted as one point under the sentencing guidelines.  *Sentencing Tr.* 5:9-11 ("Because it turns out that that conviction was a felony conviction, we had to agree that it did count for a - - one point, which was the count in paragraph 24").  At the sentencing hearing, the Court assessed a Criminal History Category of IV based, in part, on the assumption that the 2011 conviction in New York state court for tampering with evidence was a felony conviction thereby counting as one criminal history point.  *Sentencing Tr.* 5:9-11, 10:2-4, 11:13-18.

Mr. St. Hill's sentence calculation also included a New York Driving While Ability Impaired (DWAI) disposition.  *PSR* ¶ 26.  The PSR noted that although the conviction involved only a traffic infraction, the offense "is nevertheless counted for criminal history purposes."  *Id.* (citing U.S.S.G. § 4A1.2, cmt. n.5).  The inclusion of the offense in Mr. St. Hill's criminal history was unchallenged.  The impact of the offense on Mr. St. Hill's sentence was twofold.  First, a criminal history point was assessed.  *Id.*  In addition, the offense contributed to a two-point enhancement because Mr. St. Hill was serving a conditional discharge sentence on the DWAI when he engaged in oxycodone distribution.  *Id.* ¶¶ 26–27.

---

[1]     Defense counsel instead urged the Court to downward depart from Criminal History Category IV to Criminal History Category III pursuant to U.S.S.G. § 4A1.3(b)(1).  *Def.'s Sentencing Mem.* at 16–18.  At the sentencing hearing, the Court declined to depart downward based on Mr. St. Hill's criminal history as a whole.  *Tr. of Proceedings, Sentencing Proceedings* 7:22-11:18 (ECF No. 61) (*Sentencing Tr.*).

When the Court modified Mr. St. Hill's sentence in accordance with the 2014 Drug Reduction Act, the Court found, consistent with the Revised Presentence Investigation Report (R-PSR) and the parties' agreement, that Mr. St. Hill's total offense level was 23, which resulted in a revised guideline range of 70–87 months. *See R-PSR* ¶¶ 13–14. On April 23, 2015, the Court reduced Mr. St. Hill's term of imprisonment to 70 months, again the low end of the newly-calculated guideline sentence range. *Sentence Reduction Order* at 1.

In support of his § 2255 motion, Mr. St. Hill filed three exhibits. The first is a Certificate of Disposition from the Criminal Court of the City of New York regarding the tampering with evidence charge. *Pet'r's Mem.* Attach. 2 *Ex. A* at 2 (*Certificate of Disposition-Tampering*). The certificate reflects that on January 16, 2011, Mr. St. Hill pleaded guilty and was sentenced on a charge identified only as "110-215.40." *Id.*

The second and third exhibits relate to the DWAI conviction. The second is a letter dated June 5, 2015, from Attorney Peter E. Shapiro of The Legal Aid Society, addressed to Mr. St. Hill. *Pet'r's Mot. to Amend* Attach. 1 *Ex. A* at 2. The letter states that on June 2, 2015, for New York docket number 2012QN025218 (the DWAI offense), Mr. St. Hill's warrant was vacated and he was resentenced to time served. *Id.* The third is a Certificate of Disposition from the Criminal Court of the city of New York; this certificate reflects that on May 8, 2012, Mr. St. Hill pleaded guilty to the DWAI charge and Judge Griffin of the Criminal Court of the city of New York sentenced him to a conditional discharge of one year. *Id.* at 3. Then, on June 2, 2015,

Judge Hart of the Criminal Court of the city of New York resentenced Mr. St. Hill for the DWAI offense exclusively to time served. *Id.*

## III.   THE PARTIES' POSITIONS

### A.   Kevin St. Hill's Motion

Mr. St. Hill first contends his counsel provided ineffective assistance at sentencing because she failed to research and obtain the disposition for his New York conviction for tampering with physical evidence and because she agreed with the erroneous representation in the PSR that Mr. St. Hill was convicted of a felony when, in fact, he had been convicted on an attempted tampering charge, a misdemeanor. *Pet'r's Mem.* at 2–4.

Mr. St. Hill also asserts that counsel provided ineffective assistance at sentencing because she failed to object to the PSR, which counted his DWAI New York driving conviction in his criminal history score. *Id.* at 4–5. According to Mr. St. Hill, the offense should not have been counted because the offense was a traffic violation, not a crime, under New York law. *Id.* Mr. St. Hill asserts counsel's error regarding the DWAI resulted in not just one but three erroneous criminal history points because he was within the term of a conditional discharge sentence imposed for the DWAI when he committed the oxycodone distribution offense. *Id.* at 5–7. In an amendment to his motion, Mr. St. Hill provides evidence that suggests a New York court vacated the DWAI sentence. *Pet'r's Mot. to Amend.* He argues, therefore, the sentence should not be counted. *Id.*

### B.   The Government's Motion for Summary Dismissal

7

The Government argues that Mr. St. Hill cannot prevail on his argument regarding the tampering charge because he agreed with the PSR, and because he was not prejudiced by the characterization of the conviction as a felony. *Gov't's Mot.* at 13–14. As to the prejudice argument, the Government contends the Court would not have imposed a lesser sentence, particularly given the Court's findings that Mr. St. Hill narrowly avoided enhancements based on a leadership role and use of a firearm, and that Mr. St. Hill had an "unremitting history of criminality." *Id.* at 15 (quoting *Sentencing Tr.* at 11:15-16).

Regarding Mr. St. Hill's claims related to the DWAI conviction, the Government argues that based on clear language in the Sentencing Guidelines that requires all such offenses be counted, counsel's performance was not substandard. *Id.* at 16–17. The Government further contends that a conditional discharge sentence is a criminal justice sentence for purposes of the Guidelines, regardless of how New York classifies the offense. *Id.* at 18–20. Finally, the Government maintains that counsel's performance cannot be deemed deficient to the extent Mr. St. Hill relies on the fact that the Criminal Court of the city of New York subsequently vacated Mr. St. Hill's DWAI sentence and resentenced him to time served. *Id.* at 20.

## C.   Kevin St. Hill's Reply

In his reply, Mr. St. Hill maintains that the presented record demonstrates that his defense counsel's performance was deficient and further argues that this deficient performance caused him prejudice because he had previously been given a term of imprisonment at the low end of the guideline range and therefore there exists

a reasonable probability that if his guideline range had been recalculated, he would have received a lower term of imprisonment than 84 months. *Pet'r's Reply* at 1–2. Mr. St. Hill acknowledges that he looked at the PSR but argues that he lacked the requisite understanding of the criminal and penal statutes. *Id.* at 2.

With regard to the DWAI conviction, Mr. St. Hill argues that the effective change of the amendment to U.S.S.G. § 4A1.2 did not occur until after he was arrested and therefore should not apply because it would violate the ex post facto clause. *Id.* at 3–4. He also contends that under *Johnson v. United States*, 544 U.S. 295 (2005), the two-level enhancement for the DWAI should be removed because he was recently resentenced to time served for that conviction. *Id.* at 4–6.

## IV.   LEGAL STANDARDS

### A.   Federal Habeas Corpus Relief Under § 2255

28 U.S.C. § 2255 empowers a federal district court to vacate, set aside, or correct a sentence on one of the following four grounds: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States, or (2) that the court was without jurisdiction to impose such sentence, or (3) that the sentence was in excess of the maximum authorized by law, or (4) is otherwise subject to collateral attack." *Cuevas v. United States*, 778 F.3d 267, 270 (1st Cir. 2015); 28 U.S.C. § 2255(a). However, a court considering the petition must dismiss it without an evidentiary hearing "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing § 2255 Proceedings for the U.S. Dist. Cts. R. 4(b) (Habeas R. 4(b)).

The petitioner bears a heavy burden to demonstrate entitlement to an evidentiary hearing. *Moreno–Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003). "An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Id.* (quoting *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978) (quotation marks omitted)). Summary dismissal of a motion is permitted when the allegations are "'vague, conclusory, or palpably incredible' . . . even 'if the record does not conclusively and expressly belie [the] claim.'" *David v. United States*, 134 F.3d 470, 478 (1st Cir. 1998) (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)).

### B.    Sixth Amendment Ineffective Assistance of Counsel

The United States Supreme Court has defined a two-part test for ineffective assistance of counsel under the Sixth Amendment to the United States Constitution. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). A defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Id.* Counsel's performance is constitutionally deficient if it falls below an "objective standard of reasonableness." *Id.* at 688. Put another way, counsel's performance will be deemed ineffective only if the attorney fails to pursue an argument that is "so obvious and promising that no competent lawyer could have failed to pursue it." *Arroyo v. United States,* 195 F.3d 54, 55 (1st Cir. 1999). The defense is prejudiced if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Strickland*, 466 U.S. at 694. Judicial scrutiny of counsel's conduct is "highly deferential" and a court will presume that the conduct "falls within the wide range of reasonable professional assistance." *Bucuvalas v. United States*, 98 F.3d 652, 658 (1st Cir. 1996) (quoting *Strickland*, 466 U.S. at 689).

## V.   DISCUSSION

### A.   DWAI Criminal History Point and Enhancement

At the time of Mr. St. Hill's original sentencing on September 3, 2013, the 2012 United States Sentencing Commission Guidelines Manual was in effect.[2] Application Note 5 to § 4A1.2 of the 2012 Manual provided:

> Sentences for Driving While Intoxicated or Under the Influence.—Convictions for driving while intoxicated or under the influence (and similar offenses by whatever name they are known) are always counted, without regard to how the offense is classified. Paragraphs (1) and (2) of § 4A1.2(c) do not apply.

U.S.S.G. § 4A1.2, cmt. n.5 (2012). The Guidelines also state that "[i]f the court determines that use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the ex post facto clause of the United States Constitution, the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed." *Id.* § 1B1.11(b)(1). The date of Mr. St. Hill's offense of conviction was July 27, 2012, and at that time, the 2011 Manual was in effect. Application Note 5 to § 4A1.2 of the 2011 Manual contains different language:

> Sentences for Driving While Intoxicated or Under the Influence.—Convictions for driving while intoxicated or under the influence (and similar offenses by whatever name they are known) are counted. Such

---

[2] The Manuals are published in November. Therefore, the 2013 Guidelines Manual was not published until November 2013, after Mr. St. Hill's sentencing.

offenses are not minor traffic infractions within the meaning of § 4A1.2(c).

U.S.S.G. § 4A1.2, cmt. n.5 (2011).

A review of the history of Application Note 5 sheds light on this change. In 2011, in *United States v. Potes–Castillo*, 638 F.3d 106 (2d Cir. 2011), the Court of Appeals for the Second Circuit concluded that Application Note 5 in the 2011 Manual could be read either (1) to "mean that, like felonies, driving while ability impaired sentences are always counted, without possibility of exception" or (2) "as setting forth the direction that driving while ability impaired sentences must not be treated as minor traffic infractions or local ordinance violations and excluded under section 4A1.2(c)(2)." *Id.* at 110–11. The Second Circuit adopted the second reading and, accordingly, held that a prior sentence for driving while ability impaired "should be treated like any other misdemeanor or petty offense, except that they cannot be exempted under section 4A1.2(c)(2)." *Id.* at 113. According to the Second Circuit, such a sentence can qualify for an exception, and therefore not be counted, under § 4A1.2(c)(1) (*e.g.* if it was similar to "careless or reckless driving" and the other criteria for a first-list exception were met). *Id.*

The Second Circuit's view caused a circuit split as a number of other circuits had interpreted Application Note 5 to mean that driving while ability impaired convictions are always counted. *See United States v. Pando*, 545 F.3d 682, 683–85 (8th Cir. 2008); *United States v. Thornton*, 444 F.3d 1163, 1165–67 (9th Cir. 2006); *United States v. LeBlanc*, 45 F.3d 192, 195 (7th Cir. 1995); *United States v. Deigert*, 916 F.2d 916, 918 (4th Cir. 1990).

12

On April 30, 2012, the Sentencing Commission amended the language of Application Note 5 "by striking 'counted. Such offenses are not minor traffic infractions within the meaning of § 4A1.2(c).' and inserting 'always counted, without regard to how the offense is classified. Paragraphs (1) and (2) of § 4A1.2(c) do not apply.'" *U.S. Sentencing Comm'n, Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary* at 17–18 (Apr. 30, 2012) (*2012 Guidelines Amendments*). The Sentencing Commission explained that the reason for the amendment was to resolve the circuit split "to clarify that convictions for driving while intoxicated and similar offenses are always counted, without regard to how the offenses are classified." *Id.* at 19. The Sentencing Commission also rejected the Second Circuit's reference to § 4A1.2(c)(1) and (2): "Further, the amendment states plainly that paragraphs (1) and (2) of § 4A1.2(c) do not apply." *Id.* The Commission concluded:

> This amendment reflects the Commission's view that convictions for driving while intoxicated and other similar offenses are sufficiently serious to always count toward a defendant's criminal history score. The amendment clarifies the Commission's intent and should result in more consistent calculation of criminal history scores among the circuits.

*Id.*

Even after the Commission's 2012 amendment, at least two federal district judges in New York have concluded that a DWAI conviction should not automatically be counted, if New York law classifies the DWAI conviction as a traffic infraction. *See United States v. Paredes*, 185 F. Supp. 3d 287, 289 (E.D.N.Y. 2016); *United States v. Walia*, No. 14-CR-213, 2016 WL 4257347, at *4 (E.D.N.Y. Aug. 11, 2016). In *Paredes*,

13

the district court was faced with a hard case where, if the DWAI infraction counted, the defendant faced a ten-year mandatory minimum sentence, and if it did not count, he faced an eight-month sentence. 185 F. Supp. 3d at 288–89. In concluding that the DWAI conviction did not count, the district judge acknowledged the Commission's amendment and position but concluded that the "long term of imprisonment required by the view of the United States Sentencing Commission [ ] is so inconsistent with Court of Appeals for the Second Circuit precedent, New York law, and common sense as to require rejection of the Commission's position." *Id.* The judge determined that Application Note 5 did not apply to the New York DWAI offense because Note 5 applies to "convictions" and the DWAI offense is an "infraction.*" Id.* at 295–96. Additionally, he determined that Note 5 applies to convictions for "driving" and the DWAI infraction does not necessarily involve driving. *Id.* at 296. He wrote that "[s]ince the Commentary would lead to an absurd result, the court refuses to follow it." *Id.* at 289.

In *Walia*, the district judge followed *Paredes* and distinguished between driving-related convictions and non-driving-related convictions, concluding that the Sentencing Commission intended Application Note 5 to cover "only driving-related convictions." *Walia*, 2016 WL 4257347, at *6. In *Walia*, the defendant was found asleep behind the wheel with the keys in the ignition and the engine running. *Id.* at *2.

Mr. St. Hill makes two arguments under § 2255 with respect to the DWAI conviction. First, he argues that his sentence was imposed in violation of the

Constitution because his counsel's assistance was ineffective under the Sixth Amendment. *Pet'r's Mem.* at 4–7. Second, he argues that his sentence is otherwise subject to collateral attack because it has since been vacated. *Pet'r's Mot. to Amend*; *Pet'r's Reply* at 4–6.

### 1.    Sixth Amendment Ineffective Assistance of Counsel

Given the unambiguous language of Application Note 5 at the time of Mr. St. Hill's sentencing, which provided that sentences for driving under the influence and similar offenses "are always counted, without regard to how the offense is classified," *see* U.S.S.G. § 4A1.2, cmt. n.5 (2012), sentencing counsel was not unreasonable for not raising an objection to the criminal history point where the circumstances of the prior offense placed the defendant behind the wheel of a running vehicle, in an impaired state, stopped alongside a parked vehicle.[3]  Even though Mr. St. Hill was in a stopped vehicle, particularly where the vehicle was running, probable cause for a driving conviction existed, and under the Guidelines an impaired driving offense is categorically more serious than the reckless driving offense listed in § 4A1.2(c)(1).[4] *See 2012 Guidelines Amendments* at 19.

---

[3]    Although based on a federal regulation, not the New York statute, in *United States v. McFarland*, 445 F.3d 29 (1st Cir. 2006), the First Circuit concluded that an intoxicated defendant who was found sleeping in the driver's seat of a motor vehicle in a parking lot inside Acadia National Park was "in actual physical control" of the vehicle within the meaning of 36 C.F.R. § 4.23(a). *Id.* at 32. Regarding whether the magistrate judge's finding of actual physical control was justified, in a felicitous turn of phrase, the First Circuit quoted Henry David Thoreau's Journal as "the paradigmatic 'trout in the milk.'" *Id.* (quoting Henry D. Thoreau, *Journal*, Nov. 11, 1850).
[4]    Whether these distinctions matter in the context of the Court's interpretation of commission commentary presents an issue of federal, not New York law. *United States v. Unger*, 915 F.2d 759, 762–63 (1st Cir. 1990).

Although the 2011 Guidelines, which were the Guidelines in effect at the time of Mr. St. Hill's distribution of oxycodone offense, still contained the ambiguous language, any ex post facto argument under U.S.S.G. § 1B1.11(b)(1) would have failed. The Guidelines provide that the court shall consider subsequent amendments, to the extent that such amendments are clarifying rather than substantive changes. U.S.S.G. § 1B1.11(b)(2). Additionally, the First Circuit has made it clear that clarifying amendments may apply retroactively. *United States v. Cabrera–Polo*, 376 F.3d 29, 32 (1st Cir. 2004). On September 3, 2013, when the Court sentenced Mr. St. Hill, the Sentencing Commission had resolved the circuit conflict against the Second Circuit's interpretation of Application Note 5 and had clarified its position that driving under the influence and "similar offenses" counted. In the face of the 2013 amendment to Application Note 5, defense counsel would have had to argue that a driving while ability impaired conviction was not a similar offense to driving while under the influence conviction, an argument with bleak prospects of success. Nor would defense counsel have been aware in 2013 that two district judges in New York in 2016 would reject the Commission's interpretation of its own guidelines, an unexpected and novel result.[5] Finally, unlike the courts in *Paredes* and *Walia*, defense counsel in Mr. St. Hill's case would not have had the comfort of a definitive, binding ruling from the court of appeals to which a district court in Maine owes its allegiance.

---

[5]    The failure of Mr. St. Hill's defense counsel to predict that two federal trial court judges would later reject the Commission's change to the guideline commentary does not in this Court's view violate the *Strickland* standard.

16

Because sentencing counsel's failure to object to the criminal history point for the DWAI was not unreasonable, her performance was not deficient under the Sixth Amendment.

### 2.   Vacatur

A claim of non-constitutional legal error under the fourth prong of § 2255(a), where a sentence is "otherwise subject to collateral attack," must amount to a "fundamental defect which inherently results in a complete miscarriage of justice." *Mateo v. United States*, 398 F.3d 126, 136 (1st Cir. 2005) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).  In other words, the claim "must reveal 'exceptional circumstances' that make the need for redress evident."  *Cuevas*, 778 F.3d at 272 (quoting *David*, 134 F.3d at 474).

The 2015 modification or vacatur of Mr. St. Hill's DWAI sentence does not demonstrate the exceptional circumstances necessary for habeas relief.[6]  Mr. St. Hill was awarded one criminal history point for the DWAI conviction, as well as two additional points under U.S.S.G. § 4A1.1(d),  which provides that two points should be added to a defendant's criminal history score "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." The Court applied the enhancement because, when Petitioner engaged in the § 841 distribution

---

[6]     Nor does the vacatur support a claim under the first prong of § 2255(a) based on a Sixth Amendment argument of ineffective assistance of counsel.  As the Government points out, defense counsel in 2013 could not be expected to anticipate the vacatur of this conviction two years later. *Gov't's Mot.* at 20 ("[E]ven the ablest of counsel cannot be expected to anticipate and act on changes in a defendant's criminal history that occur two years after sentence was imposed").

offense, he was subject to the conditional discharge sentence imposed as the result of his DWAI conviction.

In *Cuevas*, the Court of Appeals for the First Circuit held that the vacatur of a state conviction used to increase a federal sentence is a cognizable basis for § 2255 relief, 778 F.3d at 271, because it demonstrates the federal sentence is "otherwise subject to collateral attack." *Id.* at 271–72. Central to the *Cuevas* holding, however, was the fact that the state conviction was vacated, not merely the sentence. *Id.* at 272 (citing *Johnson v. United States*, 544 U.S. 295 (2005)).

Here, Mr. St. Hill reports that only his state court sentence was vacated. To mount a collateral attack based on the vacatur of a prior state sentence, Petitioner must be able to demonstrate "exceptional circumstances" in relation to the vacatur. *Cuevas*, 778 F.3d at 276; *see also Mateo*, 398 F.3d at 135–37 (explaining that sentences for expunged convictions may not be counted under the Guidelines, but sentences for convictions set aside for reasons unrelated to innocence or errors of law, such as to lift the stigma of conviction or to pardon the defendant, are still to be counted) (citing U.S.S.G. § 4A1.2, cmt. n.10). Mr. St. Hill has failed to present any facts surrounding the vacatur that would qualify as exceptional circumstances. Notably, since the First Circuit's 2005 opinion in *Mateo*, circuit courts have consistently held that the retroactive modification of a state sentence does not present an exceptional circumstance justifying a collateral attack on a federal sentence. *See United States v. Alba-Flores*, 577 F.3d 1104, 1108–11 (9th Cir. 2009) (collecting cases).

In sum, the evidence presented by Mr. St. Hill regarding the DWAI conviction does not support an ineffective assistance of counsel claim, nor does it provide a sufficient basis to mount a collateral attack on his sentence.  Accordingly, a § 2255 evidentiary hearing is not warranted on this issue.  *See* Habeas R. 4(b); *Moreno–Morales*, 334 F.3d at 145.

B.     **Misdemeanor Counted as a Felony**

Mr. St. Hill argues his counsel provided ineffective assistance because she failed to conduct adequate research and determine that his tampering conviction was on a charge of attempted tampering, a misdemeanor rather than a felony.  The certificate of disposition for the charge that Mr. St. Hill filed in support of his motion reflects that Mr. St. Hill was convicted of a crime identified only as "110-215.40." *Certificate of Disposition-Tampering* at 1.  Section 215.40 of the New York Penal Law describes the offense of tampering with physical evidence as a Class E felony.  N.Y. Penal Law § 215.40.  However, the Certificate of Disposition also cites section 110.00 of the New York Penal Law, which addresses an "Attempt to commit a crime" and provides that a person is "guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime." *Id.* § 110.00.  Under section 110.05 of the New York Penal Law, an attempt to commit a crime is a lower classification than a crime actually committed.  *Id.* § 110.05.  Specifically, a Class E felony becomes a Class A misdemeanor.  *Id.* § 110.05(7).  Class A misdemeanors are punishable by a definite term of imprisonment of not more than one year.  *Id.* § 70.15.

In addition, the description of the crime in the PSR reveals that Mr. St. Hill's attempt to disown the bag of marijuana he was carrying was unsuccessful since it was observed by a police officer. *See PSR* ¶ 24. Accordingly, the underlying facts of the conviction are consistent with an attempt at tampering, rather than the successful completion of the crime. Mr. St. Hill's submission, therefore, strongly suggests the likelihood that the tampering conviction was a misdemeanor.

Pursuant to U.S.S.G. § 4A1.2(c), a sentence on a misdemeanor prior offense is counted in the criminal history unless the offense is among the offenses, or similar to the offenses, listed in § 4A1.2(c)(1) or (2). A prior offense similar to the offenses listed in § 4A1.2(c)(2) is not counted. If the prior offense is similar to the offenses identified in § 4A1.2(c)(1), the offense is counted in the criminal history computation "only if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least 30 days, or (B) the prior offense was similar to an instant offense." U.S.S.G. § 4A1.2(c)(1). A preliminary issue is thus, assuming the tampering charge is a misdemeanor offense for attempted tampering, whether the charge is similar to one of the identified offenses in § 4A1.2(c).

To assess whether the New York offense of attempted tampering with evidence is similar to the offenses listed in § 4A1.2(c), the Court applies the five-factor "common sense" test in Application Note 12 of § 4A1.2:

> In determining whether an unlisted offense is similar to an offense listed in subsection (c)(1) or (c)(2), the court should use a common sense approach that includes consideration of relevant factors such as (i) a comparison of punishments imposed for the listed and unlisted offenses; (ii) the perceived seriousness of the offense as indicated by the level of punishment; (iii) the elements of the offense; (iv) the level of culpability

involved; and (v) the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct.

U.S.S.G. § 4A1.2 cmt. n.12; *United States v. Maldonado*, 614 F.3d 14, 17 (1st Cir. 2010); Sentencing Order Concerning Guideline 4A1.2(c)(1), *United States v. Thurlow*, No. 2:16-CR-00055-DBH (D. Me. Oct. 3, 2016), (ECF No. 41).

According to the PSR, Mr. St. Hill attempted to prevent the discovery of marijuana on his person by throwing a baggie to the ground, which was observed by a police officer. *PSR* ¶ 24. Arguably reflecting the relative lack of seriousness of the offense, Mr. St. Hill received a sentence of only one day. *Id.*

Providing false information to a police officer and hindering a police officer are among the enumerated offenses in § 4A1.2(c)(1) potentially similar to the attempted tampering charge. In New York, the two offenses appear to be classified as Class B misdemeanors. *See*, *e.g.*, N.Y. Penal Law § 190.23 (false personation, i.e., misrepresenting personal identifying information to a police officer). Contempt of court is another listed offense in § 4A1.2(c)(1) that is potentially similar. In New York, contempt of court is no less than a Class A misdemeanor.[7] *Id.* § 215.50 (criminal contempt in the second degree, including "[i]ntentional disobedience or resistance to the lawful process or other mandate of a court"). Mr. St. Hill's conviction for attempted tampering, which evidently was charged because of the impact his conduct could have on prospective official proceedings, appears to be similar to the three enumerated offenses based on the relative seriousness and their elements.

---

[7] Contempt of court in the first degree and aggravated contempt are felonies. N.Y. Penal Law § 215.51.

Based on factors (i)–(iv) of Application Note 12, a comparison of punishments imposed, the perceived seriousness of the offense, the elements of the offense, and the level of culpability involved all militate in favor of application of the § 4A1.2(c)(1) exception. Additionally, the fifth consideration, the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct, does not suggest a different conclusion.

Assuming that Mr. St. Hill can prove that the tampering conviction was a misdemeanor attempted tampering offense and not a felonious tampering offense, and that the Government is unable to convince the Court that the tampering offense is not similar to the offenses in § 4A1.2(c)(1), because Mr. St. Hill's sentence on the charge was 24 hours (i.e., less than 30 days), the issue would be whether "the prior offense was similar to an instant offense," meaning the oxycodone distribution offense for which the Court sentenced Mr. St. Hill. U.S.S.G. § 4A1.2(c)(1)(B). Notably, in its motion for summary dismissal, the Government has not argued that possession of a usable amount of marijuana, or more precisely throwing a baggie of marijuana to the ground, is sufficiently similar to distribution of oxycodone to warrant the criminal history point.[8]

Based on the evidence presented, Mr. St. Hill's tampering conviction could well be a misdemeanor offense not countable in the criminal history calculation.

---

[8]     In New York, possession of marijuana is criminal when the amount exceeds 25 grams, N.Y. Penal Law § 221.10 (criminal possession of marijuana in the fifth degree, a Class B misdemeanor), but in some circumstances the possession of smaller quantities can result in a term of imprisonment, *id.* § 221.05 (unlawful possession of marijuana). Nothing in the record suggests that Mr. St. Hill was charged or sentenced for possession, or that his possession of marijuana could have been punished by a sentence of imprisonment under New York law.

Moreover, during Mr. St. Hill's Presentence Conference, the Court questioned this particular conviction and explicitly asked defense counsel to look into it specifically because the offense seemed similar to the offenses listed in U.S.S.G. § 4A1.2(c); defense counsel promised to do so. *Presentence Conf. Tr.* 10:10-11:17. The Court's strong suggestion that if the offense was a misdemeanor, it might well not count as a criminal history point, should have led counsel to recheck whether the conviction was, in fact, a felony. Yet, based on the subsequent sentencing memorandum, defense counsel appears to have merely accepted as a fact that the conviction was for a tampering charge without obtaining the disposition or further looking into the conviction. *See Def.'s Sentencing Mem.* at 16 ("Tampering with Physical Evidence is a violation of NY PENAL § 215.40 and is a Class E felony. Therefore it must be scored").

Given these facts, Mr. St. Hill's ineffective assistance of counsel claim is neither inadequate on its face nor conclusively refuted by the record and therefore summary dismissal is not warranted. *See Moreno–Morales*, 334 F.3d at 145. Defense counsel's apparent failure to take a hard look at the classification of the conviction, when it could have been favorable to her client, could be objectively unreasonable. *See Arroyo*, 195 F.3d at 55 (explaining that counsel is incompetent if an "objection was so obvious and promising that no competent lawyer could have failed to pursue it"). Additionally, if Mr. St. Hill had one less criminal history point, which would occur if the tampering conviction is not counted, his criminal history category would be III. With the total offense level of 23, the resulting range is 57–71 months.

23

Although Mr. St. Hill is currently subject to a sentence of 70 months, within the range as newly-calculated, because the range of the sentence typically impacts the parties' sentencing arguments and the Court's analysis, Mr. St. Hill nevertheless would be prejudiced by the failure of his counsel to investigate and challenge the characterization of the tampering conviction as a felony. *See Strickland*, 466 U.S. at 694 (Defense is prejudiced is there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). Indeed, in this case, the Court imposed the low end of the resulting guideline range in its initial sentencing and its resentencing.

Based on this analysis, there may be some urgency to the resolution of this petition. The Bureau of Prisons' website indicates that Mr. St. Hill's current release date is October 21, 2017, based on the seventy-month sentence. If Mr. St. Hill were resentenced based on a lower recalculated guideline range, he might be entitled to release in the very near future. Accordingly, the Court has established a tight deadline for the Government to review its position as to whether the tampering conviction was a misdemeanor and the Court will direct the Clerk's Office to quickly seek counsel to represent Mr. St. Hill.

## VI.   CONCLUSION

The Court:

1. Denies the Government's Motion for Summary Dismissal (ECF No. 85);

2. Will appoint counsel to represent Mr. St. Hill in further proceedings in this matter;

3. Orders the Government, within 10 days of the date of this Order, to advise the Court and Mr. St. Hill whether it intends to challenge Mr. St. Hill's contention that the tampering conviction is a misdemeanor conviction; and

4. After consultation with counsel, will schedule a hearing to determine whether the judgment and conviction should be vacated and Mr. St. Hill resentenced.

SO ORDERED.


/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 14th day of March, 2017

25